IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 15-30 Erie |
| | ) | |
| BRUCE JOHNSON | ) | **(Under Seal)** |

### INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, David J. Hickton, United States Attorney for the Western District of Pennsylvania, and Christian A. Trabold, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

I. **THE INDICTMENT**

A Federal Grand Jury returned a one-count Indictment against the above-named defendant for an alleged violation of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 | Possession of material depicting the sexual exploitation of a minor From in and around April 2010, to in and around May 2015 | 18 USC §§2252(a)(4)(B) and 2252(b)(2) |

## II. <u>ELEMENTS OF THE OFFENSE</u>

A. As to Count 1:

In order for the crime of possession of material depicting the sexual exploitation of a minor, in violation of 18 U.S.C. §§2252(a)(4)(B) and 2252(b)(2), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the defendant knowingly possessed one or more items which contained a visual depiction of a minor engaging in sexually explicit conduct.

> Title 18, United States Code, Section 2252(a)(4)(B).

2. That the item which contained the visual depiction had been mailed, transported or shipped in interstate commerce, or had been produced using materials which had been mailed or transported or shipped in interstate commerce.

> Title 18, United States Code, Section 2252(a)(4)(B).

3. That the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, as those terms are defined in Title 18, United States Code, Section 2256.

> Title 18, United States Code, Section 2252(a)(4)(B).

          4. That the images involved prepubescent minors or minors who have not attained 12 years of age.

### III. PENALTIES

**A. As to Count 1: Possession of material depicting the sexual exploitation of a minor (18 U.S.C. §§2252(a)(4)(B) and 2252(b)(2)):**

          1. Imprisonment of not more than twenty (20) years, or if the defendant has a prior conviction (Title 18, United States Code, Chapter 110, Chapter 71, Chapter 109A, Chapter 117 or under Section 920 of Title 10) or under the laws of any state relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, making, sale, distribution, shipment or transportation of child pornography, such person shall be fined under this title and imprisoned not less than ten (10) years nor more than twenty (20) years.

          2. A fine of $250,000 (18 U.S.C. §3571(b)(3)).

          3. A term of supervised release of at least five (5) years, up to life (18 U.S.C. §3583(k)).

          4. Any or all of the above.

### IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed on each count upon which the defendant is convicted, pursuant to 18 U.S.C. §3013.

## V. RESTITUTION

Restitution may be required in this case as to Count One, together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. §§3663, 3663A and 2259.

## VI. FORFEITURE

As set forth in the indictment, forfeiture may be applicable in this case.

Respectfully submitted,

DAVID J. HICKTON
United States Attorney

By: *[signature]*

CHRISTIAN A. TRABOLD
Assistant U.S. Attorney
PA ID No. 75013
